E-FILED
Wednesday, 01 May, 2019 03:15:56 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ERNEST MORGAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | No.: 18-cv-2309-JBM |
| | ) | |
| . REICH, DDS., et al. | ) | |
| | ) | |
| **Defendants.** | ) | |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se,* and currently detained at the Jacksonville Correctional Center, files a complaint under 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs at the Danville Correctional Center ("Danville"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

The Court notes that Plaintiff has attached various grievances as exhibits to his complaint. The exhibits are "not necessary to the complaint" and were not considered in the drafting of this order. *Fitzgerald v. Dep't of Corr.*, 07-61, 2007 WL 951861, at *1 (W.D. Wis. Mar. 26, 2007).

On December 29, 2017, Plaintiff underwent a tooth extraction by Danville Dentist, Defendant Reich. During the procedure, the tooth broke in half and, despite his efforts, Defendant was unable to extract the remaining portion. Defendant advised Plaintiff that he would be referred to an oral surgeon to remove the remaining piece. He also told Plaintiff that he would likely experience pain and provided Plaintiff with gauze, antibiotics and ibuprofen.

Plaintiff alleges that he was not referred to an oral surgeon until April 10, 2018. In the meantime, he reported complaints of pain to Defendant Reich as well as two unidentified nurses. Plaintiff claims that the lack of treatment caused him to develop an infection in his gums, which further exacerbated the pain. Plaintiff names Defendant Reich, employed by Wexford Health Sources, Inc., Wexford itself, Director of Nursing T. Wilson and Callaway, job title unspecified. Plaintiff does not, however, plead any allegations against Defendants Wilson and Callaway in the body of the complaint and they are DISMISSED. *See Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir.1998) (merely naming a defendant in the caption is insufficient to state a claim).

## ANALYSIS

It is well established that deliberate indifference to a serious medical need is actionable as a violation of the Eighth Amendment. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). A deliberate indifference must establish "(1) an objectively serious medical condition; and (2) an official's deliberate indifference to that condition." *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011). Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and "either acts or fails to act in disregard of that risk." *Id.* at 751. The failure to address pain readily treatable pain may be evidence of deliberate indifference. *Petties v. Carter*, 836 F.3d 772, 730 (7th Cir. 2016), as amended (Aug. 25, 2016).

A defendant may be liable for a delay in treatment, if the delay exacerbated the injury or unnecessarily prolonged pain. *Williams v. Liefer,* 491 F.3d 710, 714-15 (7th Cir. 2007). Here, Plaintiff pleads that he suffered continued pain due to an "open gum" and there was a delay of more than three months before he was seen by an oral surgeon. This is enough to sustain, at this stage, a claim that Defendant Reich was deliberately indifferent to Plaintiff's serious medical need.

As to the two unidentified nurses, Plaintiff claims that they reported his pain complaints to Defendant Reich and does not appear to assert that they were deliberately indifferent to his condition. If any allegations are construed against these nurses, it is that they failed to act to have him seen by the oral surgeon. Plaintiff does not allege, however, that the nurses had the authority to order such a referral. *See McGill v. Duckworth*, 944 F.2d 344, 348–49 (7th Cir. 1991) (plaintiff cannot tax prison staff to correct "circumstances beyond their control.")

Plaintiff claims that he suffered unnecessary pain due to Wexford's policy of delaying referrals to outside specialists in order to save money. Wexford, though a private corporation, has potential liability for constitutional infringement under *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691-92 (1978). This is so, if the alleged injury results from the application of an unconstitutional policy or practice promulgated or allowed by Wexford. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). Here, Plaintiff cites an unidentified portion of the Wexford Provider Handbook to support the existence of such a policy. The cited section states, in general, that cost considerations are one of the variables to be considered in the delivery of healthcare. The Handbook provides, further, that staff are to be mindful of the budget, so that Wexford will be able to provide as many services as possible.

While Plaintiff offers this as evidence of an unconstitutional Wexford policy, a statement advocating fiscal responsibility is inadequate to support that Wexford had a policy to deny or delay referrals. Plaintiff provides no information as to the cause of the apparent delay and offers only conjecture to suggest that the delay was due to Wexford. As result, he does not adequately plead that the delay was due to an unconstitutional Wexford policy. *See Gaston v. Ghosh*, No. 11-6612, 2017 WL 5891042, at *14 (N.D. Ill. Nov. 28, 2017) (plaintiff's allegations as to his own treatment insufficient to establish a policy). *Id*. at *14 citing *Shields*, 746 F.3d at 796 (isolated incidents did not add up to a pattern of behavior that would support an inference of a custom or policy.) Wexford is DISMISSED, though Plaintiff will be given leave to amend, should he wish.

**IT IS THEREFORE ORDERED:**

1. This case shall proceed solely on the identified deliberate indifference claims against Defendant Reich. Plaintiff will have an opportunity, within 30 days, to file an amended complaint to replead his allegations against Wexford. If he does so, Plaintiff is to identify it as an Amended Complaint and is to identify all claims against all Defendants without reference to a prior pleading. Any claims not identified will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15. Defendants Wilson, Calloway and Wexford are DISMISSED.

2. Plaintiff files [5], a motion for recruitment of pro bono counsel but does not indicate that he attempted to secure counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). [5] is DENIED at this time. In the event that Plaintiff renews his motion for appointment of counsel, he is to provide copies of the letters sent to, and received from, prospective counsel.

3. The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

4. If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2). If a Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information will be used only for purposes of effecting service. Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5. Defendants shall file an answer within the prescribed by Local Rule. A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings are to address the issues and claims identified in this Order.

6. Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

7. Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's

document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

9. Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; AND,

2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).

_5/1/2019_  
ENTERED

_____s/Joe Billy McDade_____  
JOE BILLY McDADE  
UNITED STATES DISTRICT JUDGE